DEPARTMENT OF LABOR, Robert Reich, Secretary, Plaintiff–Appellee/Cross–Appellant,

v.

CITY OF SAPULPA, OKLAHOMA, Defendant–Appellant/Cross–Appellee.

Nos. 93–5144, 93–5165.

United States Court of Appeals, Tenth Circuit.

July 12, 1994.

Stephen L. Andrew (D. Kevin Ikenberry, also of McCormick, Andrew & Clark, with him on the briefs), Tulsa, OK, for the City of Sapulpa.

Mary J. Rieser, Atty. (Thomas S. Williamson, Jr., Sol. of Labor, Monica Gallagher, Associate Sol., William J. Stone, Counsel for Appellate Litigation, James E. White, Regional Sol., with her on the briefs), U.S. Dept. of Labor, Washington, DC, for the Dept. of Labor.

Before SEYMOUR, Chief Judge, LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

The City of Sapulpa, Oklahoma, appeals the district court's judgment for the Secretary of Labor finding that captains and fourth captains employed by the City of Sapulpa Fire Department were entitled to overtime compensation pursuant to 29 U.S.C. §§ 207(a) and 215(a)(2). The Secretary has cross-appealed, asserting that the district court erred in failing to award liquidated damages pursuant to 29 U.S.C. § 216.

The only issues on appeal are whether (1) the captains and fourth captains are "executive" employees under § 13(a)(1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 213(a)(1), and therefore exempt from the FLSA overtime provisions, and, if not, (2) whether the district court should have awarded liquidated damages under 29 U.S.C. § 216.

I

In April 1986 the City became subject to the provisions of the FLSA, which mandates payment of overtime compensation to nonexempt employees who work over forty hours per workweek. See 29 U.S.C. §§ 207, 213. For purposes of determining overtime compensation public agencies may adopt alternative work periods for employees engaged in fire protection or law enforcement. Id. § 207(k). The Sapulpa Fire Department has adopted a 27–day work period of 204 hours to accommodate the employees in its three fire stations, who work rotating shifts of twenty-four hours on and forty-eight hours off. The City must pay overtime—"compensation at a rate not less than one and one-half times the regular rate," id.—to Fire Department employees for time worked in excess of 204 hours in a 27–day period, unless those employees are otherwise exempt.

The Fire Department is headed by a fire chief and employs a deputy chief (fire marshal), three assistant chiefs/battalion chiefs (AC/BC), twelve captains, three fourth captains, ten to twelve drivers, and twelve fire fighters. An AC/BC supervises and visits each of the three fire stations during each shift. Usually each fire station is staffed by a captain, a driver, and a fire fighter.[1] A dispute arose during collective bargaining whether the captains and fourth captains (collectively "captains")[2] were exempt from the FLSA overtime provisions under the "executive" exemption. When the parties could not agree on the exemption and the City continued to treat captains as exempt, the union filed a grievance on the overtime issue.[3] An arbitrator denied the grievance and the City continued to pay straight time to captains for all of their work.

In early 1989 a Wage and Hour investigator, after conducting fact finding at the Fire Department, found that captains were working overtime. The investigator also determined that the City had not established the exempt status of captains. When the City would not pay captains overtime compensation, the Secretary brought this action in August 1990, seeking overtime pay for captains' work performed since August 1987.

The district court concluded that the captains were not executive employees and thus

---

1. The Secretary introduced evidence that between 33% and 36% of the time, one of the three stations will be manned by only two employees—a captain and a driver.

2. A fourth captain is a driver who has passed the test for captain, but works as a driver unless needed to relieve captains. The City argues that fourth captains are exempt when filling in for captains.

3. In their negotiations following their disagreement, the City and the union had included the following provision in their collective bargaining agreement:
Article XX

Section 1. Overtime.
A. Employees of the Fire Department who are required to put in overtime hours shall be paid at the rate required by the Fair Labor Standards Act except for those employees who are determined to be exempt from the coverage provided by said Act. Employees so determined to be exempt, shall be compensated at straight time rates for overtime worked except as set forth in Paragraph B, below.
B. Employees who are called back to duty on their time off shall be paid a minimum of two hours pay at one and one-half (½) that of their regular pay and for all hours over that.
XV App. 1633.

were not exempt from the overtime provisions. It also found that the City's actions were not willful nor in reckless disregard of the FLSA standards; it therefore applied the two-year statute of limitations under § 255. The court ordered payment of overtime compensation and prejudgment interest but did not specifically address liquidated damages. The City appealed and the Secretary cross-appealed.

## II

■ The City has the burden to prove that the Fire Department captains were exempt "executive" employees within the meaning of 29 U.S.C. § 213(a)(1). *Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 2229, 41 L.Ed.2d 1 (1974). We review the district court's factual findings under the clearly erroneous standard, and its ultimate conclusion that the captains were not exempt employees de novo. *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 1530, 89 L.Ed.2d 739 (1986); *Reich v. State of Wyoming,* 993 F.2d 739, 741 (10th Cir.1993).

■ The FLSA exempts from overtime compensation "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The federal regulations set forth a "short test" and a "long test" for determining executive employee exemptions. *See* 29 C.F.R. § 541.1. Because the captains' salaries were over $250.00 per week, the district court properly applied the "short test." It provides that "an employee who is compensated on a salary basis at a rate of not less than $250.00 per week ... and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section." *Id.* § 541.1(f).

The regulations also provide guidelines to determine whether an employee's "primary duty" is management. The following activities are considered to be management duties:

Interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; ... appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

*Id.* § 541.102(b). A fact-sensitive inquiry is necessary, but "[i]n the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time." *Id.* § 541.-103.

Applying the "short test," the district court first found that the evidence did not establish that captains spend more than fifty percent of their time in management functions. The City appears not to dispute this finding, but argues that the fifty percent "rule" is not appropriate in this case. Brief of Appellant at 14–16 (citing *Donovan v. Burger King Corp.,* 672 F.2d 221, 226 (1st Cir.1982) ("the more natural reading of 'primary' is 'principal' or 'chief,' not 'over one-half,' ... one can still be 'managing' if one is in charge, even while physically doing something else")).

The regulations provide that even if an employee does not spend fifty percent of his time in managerial duties, four other factors are considered in determining whether management is an employee's primary duty: "the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor." 29 C.F.R. § 541.103. *See Reich v. State of Wyoming,* 993 F.2d at 742 (employee's primary duty is

that which is of principal importance to the employer).

Contrary to the City's assertion, the district court did not rely on a simple fifty percent standard. It also applied the alternative criteria, stating

[o]ther factors than time spent in management functions further indicated failure of the evidence to establish the exception:

A. Under the incident command system used by the Fire Department the first arriving officer is in charge of the fire scene. In excess of 50% of the time the AC/BC arrives at the fire scene first and is in charge.

B. Captains/Fourth Captains are granted no authority to call additional personnel to a fire scene. Such authority is given to the Chief, Deputy Chief, or AC/BC. Captains/Fourth Captains have little discretion at the fire scene.

C. Captains/Fourth Captains do not set work schedules for other employees.

D. [Captains/Fourth Captains] do not have input into their own work schedules.

E. [Captains/Fourth Captains] participate in all the routine manual station duties such as sweeping and mopping floors, washing dishes and cleaning bathrooms.

F. Captains/Fourth Captains do not earn much more than the employees they allegedly supervise.

I App. 35–36. The district court further found that responsibility for management of the individual fire stations is vested in the AC/BC on duty.[4]

The cases the City cites as "hardly distinguishable from this one," and "virtually unanimous in holding fire captains to be exempt employees," Appellant's Brief at 23, are factually distinguishable in significant respects from the instant case. *See, e.g., Atlanta*

*Professional Firefighters Union, Local 134 v. City of Atlanta*, 920 F.2d 800, 805 (11th Cir.1991) (captains perform limited manual fire fighting; make strategic decisions on fighting fire); *Masters v. Huntington*, 800 F.Supp. 363, 365–66 (S.D.W.Va.1992) (captains have authority to assign firemen to particular jobs, such as driver or nozzleman; may impose penalties on firemen; and direct "operation in particular sector" of fire ground; deputy chief "only occasionally visit[s] the fire stations"); *Harkins v. City of Chesapeake*, 1988 WL 235927 (E.D.Va. Dec. 2, 1988) (captains have substantial input on promotions; have discretion whether to relinquish command of fire ground; and under department policy captains do not perform manual work at station); *see also Smith v. City of Jackson, Mississippi*, 954 F.2d 296, 297–99 (5th Cir.1992) (district and battalion chiefs assume control of scene and rarely participate in actual firefighting; court imputed managerial character of their work during emergency dispatch to waiting time). The common thread in each of these cases is that a title as "captain" provides no guidance on whether the administrative exemption applies; rather, a fact-sensitive inquiry like that the district court conducted here is required.

Although the City presented contrary evidence, our review of the record indicates that all of the district court's findings are supported by the record. The district court's findings of fact are not clearly erroneous, and they support the court's conclusion that the captains' primary duty is not management and that they are entitled to overtime compensation.

## III

The Secretary's cross-appeal contends that the district court erred in failing to award liquidated damages.[5] The FLSA

---

4. The district court further found in the alternative that "[e]ven if the facts establish that they supervise employees the proof fails to establish that the Captains/Fourth Captains' duties include the 'customary and regular direction of two or more employees.'" I App. 36. Because we uphold the district court's determination that the captains' primary duty was not supervision, we do not review this finding.

5. The complaint in this case cited as its jurisdictional basis 29 U.S.C. § 217, as did the pretrial order. *See* I App. 1, 10. This is the provision for injunctive relief. Courts have held in such a case that liquidated damages are unavailable. *E.g., Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062–63 (2d Cir.1988). A claim must be made under 29 U.S.C. § 216(b) or § 216(c), in which case a party would be entitled to ask for a jury

provides that an employer who violates the overtime provisions of § 207 ordinarily is liable for unpaid overtime compensation and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, 29 U.S.C. § 260 provides that

> if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Thus, the district court may eliminate or reduce the award of liquidated damages only if the employer demonstrates "both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the Act." *Doty v. Elias,* 733 F.2d 720, 725–26 (10th Cir.1984). "The good faith requirement mandates the employer have 'an honest intention to ascertain and follow the dictates of the Act.'" *Renfro v. City of Emporia,* 948 F.2d 1529, 1540 (10th Cir.1991) (quoting *Marshall v. Brunner,* 668 F.2d 748, 753 (3d Cir.1982)), *cert. dismissed,* —— U.S. ——, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). "The additional require-

ment that the employer have reasonable grounds for believing that his conduct complies with the Act imposes an objective standard by which to judge the employer's behavior." *Brunner,* 668 F.2d at 753.

The Secretary correctly points out that the district court made no findings as to whether the City acted in good faith [6] and/or with reasonable grounds to believe its actions complied with the Act. Several circuit courts have held that "before a district court exercises discretion it must make findings ... that the employer acted in good faith and with reasonable grounds." *Martin v. Cooper Electric Supply Co.,* 940 F.2d 896, 907 (3d Cir.1991) (quotations omitted), *cert. denied,* —— U.S. ——, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992); *see also Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1415 (5th Cir. 1990); *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir.1987) ("Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must explicitly find that the employer acted in good faith.").

In the case before us, despite the district court's failure to make findings addressing these requirements, the Secretary urges us to conduct a de novo review of the record. He argues that the record compels a conclusion that the City did not meet its burden to

---

trial. *See Superior Care,* 840 F.2d at 1063. Neither party asked for a jury trial or raised in the district court or on appeal the issue of the court's authority to grant liquidated damages if it found a violation. In the instant case the complaint did request liquidated damages and in the prayer for relief cited 29 U.S.C. § 216(c). I App. 1, 4. The pretrial order recites that one issue is entitlement to liquidated damages under 29 U.S.C. § 216(c). I App. 16. Therefore, we consider the entitlement to liquidated damages properly raised and within the jurisdiction of the district court.

6. The only mention of good faith is in the district court's order and judgment, in which it addresses the issue whether prejudgment interest against the City was appropriate.

> Disputing this court's assessment of pre-judgment interest, Defendant argues it acted in good faith in treating the Captains of the Fire Department as exempt employees under the Fair Labor Standards Act (hereinafter "FLSA") for purposes of payment of overtime compensation.
>
> Defendant cites *Donovan v. Pointon,* 717 F.2d 1320 (10th Cir.1983), *cert. denied,* 466 U.S. 934, 104 S.Ct. 1902, 80 L.Ed.2d 453 (1984) as

authority for the proposition that the assessment of prejudgment interest is inappropriate absent a finding of bad faith.... Finding no specific authority from the Tenth Circuit Court of Appeals on the issue of prejudgment interest in an action for injunctive relief under the FLSA, this court follows the majority of circuits which hold that prejudgment interest should generally be included in a back pay award in an action seeking injunctive relief under section 17 of the FLSA.

I App. 42–43 (citations omitted).

The district court also made a finding of fact that the City's "conduct did not constitute a wilful or reckless disregard of the application of the Fair Labor Standard." *Id.* at 37. The City asserts that this is a finding that it acted in good faith and with reasonable grounds to believe it was in compliance with the FLSA. But this was a finding applicable to the issue whether the three- or two-year statute of limitations applied to the City's violations. We do not read either of these findings or discussions by the district court as a conclusion that the City acted in good faith.

show good faith and reasonable grounds. We have sometimes ourselves searched the record in FLSA cases in which the district court failed to make a crucial finding on liquidated damages. *See Doty v. Elias,* 733 F.2d at 726 (district court awarded no liquidated damages because it found good faith but made no findings concerning reasonable grounds; record did not contain evidence to meet defendant's burden of showing reasonable grounds; reversed and remanded for award of liquidated damages); *Sinclair v. Automobile Club of Oklahoma, Inc.,* 733 F.2d 726, 730 (10th Cir.1984) (district court denied liquidated damages but made no findings of reasonable grounds; reversed and remanded with instructions to award liquidated damages because defendant had offered no evidence of reasonable grounds).

In the instant case, however, our review of the record reveals evidence that would possibly justify a decision on either side of the good faith and objective reasonable grounds questions. Under these circumstances, fact findings should be made by the district court in the first instance. Therefore, we remand to the district court for a redetermination on the liquidated damages issue, including the making of findings of fact concerning good faith and reasonable grounds. If the district court finds that liquidated damages should be awarded it must vacate its award of prejudgment interest, because it is settled that such interest may not be awarded in addition to liquidated damages. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 714–16, 65 S.Ct. 895, 905–07, 89 L.Ed. 1296 (1945); *Doty,* 733 F.2d at 726.

AFFIRMED in part, and REMANDED in part for further proceedings in accordance with this opinion.