72 F.3d 138
 131 Lab.Cas. P 33,316
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tracy J. JONES, Plaintiff-Appellant,
v.
George R. TILLER, M.D., P.A.; and George R. Tiller,
individually, Defendants-Appellees.
 No. 95-3050.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 
 
 3
 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 4
 Plaintiff Tracy J. Jones (Jones) sued defendants George R. Tiller, M.D., P.A., and George R. Tiller, individually (Tiller), to recover past due overtime compensation under the Fair Labor Standards Act (FLSA). Tiller, a physician, hired Jones as the "Administrative Director" of his Women's Health Care Clinic in Wichita, Kansas (the clinic). Tiller filed a motion to dismiss, which was converted to one for summary judgment, asserting Jones was not entitled to overtime pay because she held an exempt administrative position. The district court granted summary judgment in favor of Tiller, ruling that Jones was not entitled to overtime pay because the undisputed facts demonstrated she was a "bona fide administrative" employee. Appellant's App. at 221-35.
 
 
 5
 We review the grant of summary judgment de novo. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994) (quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995).
 
 
 6
 An issue of fact is "material" only when the dispute is "over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The requirement of a "genuine" issue of fact means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. "In applying this standard, we construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 
 7
 Under the FLSA, hourly employees working over forty hours a week must be paid overtime wages in an amount of one and one-half times the regular hourly rate of pay. 29 U.S.C. 207(a)(1). However, workers performing in a "bona fide executive, administrative, or professional capacity" are exempt from this requirement. Id. 213(a)(1). These exemptions are "narrowly construed," and the defendant has the burden to prove that the plaintiff fits "plainly and unmistakably" within the asserted exemption. Reich v. Wyoming, 993 F.2d 739, 741 (10th Cir.1993).
 
 
 8
 Regulations accompanying the FLSA define these exemptions in detail. The regulations include a "short test" and a "long test" for determining whether an employee falls within the administrative exemption. 29 C.F.R. 541.214(a). The short test provides that an employee shall be deemed to be an exempt administrative employee if the employee "is compensated on a salary or fee basis at a rate of not less than $250 per week" and his or her "primary duty" consists of "either the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers" and "includes work requiring the exercise of discretion and independent judgment." Id. 541.214(a). Because Jones admitted that her salary was over $250.00 per week, the district court applied the "short test."
 
 
 9
 As a rule of thumb, "primary duty" means the major part, or over fifty percent, of the employee's time. Department of Labor v. City of Sapulpa, 30 F.3d 1285, 1287 (10th Cir.1994); 29 C.F.R. 541.103.[3] However, even if an employee does not spend fifty percent of her time in administrative functions, other factors should be considered to determine whether administration is an employee's primary duty, including, "the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor." Id. 541.103.
 
 
 10
 The phrase "directly related to management policies or general business operations of his employer" describes:
 
 
 11
 those types of activities relating to the administrative operations of a business as distinguished from "production" or, in a retail or service establishment, "sales" work. In addition to describing the types of activities, the phrase limits the exemption to persons who perform work of substantial importance to the management or operation of the business of his employer or his employer's customers.
 
 
 12
 29 C.F.R. 541.205(a).
 
 
 13
 Administrative duties include "advising the management, planning, negotiating, representing the company, purchasing, promoting sales, and business research and control." Id. 541.205(b). Employees whose work is "directly related to management policies or general business operations" include those whose work "affects policy or whose responsibility it is to execute or carry it out." Id. 205(c).
 
 
 14
 The record supports the district court's conclusion that the undisputed facts establish Jones' primary duty was to administer and carry out the office work activities relating to the administrative business operations of Tiller's clinic. Jones applied for the Administrative Director position because she wanted an administrative position and hoped to manage the operations of a front office. Appellant's App. at 197-98. Jones knew she was expected to manage the front office so that Tiller would not have to be involved in its operations. Id. at 198. Jones admitted she was the only person in a supervisory position in the front office, id. at 202, and that Tiller did not spend any appreciable time there, id. at 201-02.
 
 
 15
 Jones admitted she monitored the office employees to make sure they got their work done and did not talk, and that it was her responsibility to complete their job evaluation forms. Id. at 201. She admitted it was her responsibility to assign office staff to perform specific tasks, to screen job applicants, to be the primary scheduling contact for patients, to maintain patient databases, and to handle the billing, posting, bookkeeping and depositing of patient charges, including handling insurance claims. Id. at 202, 207. Jones presided over front office staff meetings, trained new employees, handled employee problems, attended management seminars, and was a contact person for clinic vendors and suppliers. Id. at 202-06.
 
 
 16
 Jones contends she does not meet the exemption for administrative employees because she spent ninety percent of her time performing many of the same clerical tasks as her subordinates. However, an employee can be classified as an exempt employee even though she performed, to some extent, the ordinary work performed by subordinate employees, which work was part of her supervisory duties. Barner v. City of Novato, 17 F.3d 1256, 1261 (9th Cir.1994). As noted above, even where an employee spends less than fifty percent of her time performing administrative duties, time is a relevant, but not a dispositive factor. See Murray v. Stuckey's, Inc., 939 F.2d 614, 618 (8th Cir.1991), cert. denied, 502 U.S. 1073 (1992); 29 C.F.R. 541.103.
 
 
 17
 Jones does not dispute Tiller's testimony that her responsibility was to ensure that all of the business operations of the clinic were accomplished, either by delegating the task or by doing it herself. See Appellant's App. at 171-72. Nor does Jones dispute that these responsibilities were of primary importance to Tiller. See Reich, 993 F.2d at 742 ("The employee's primary duty is that which is of principal importance to the employer, rather than collateral tasks which may take up more than fifty percent of his or her time."). Jones also admits that her salary was higher than the hourly wages paid other employees for the kind of nonexempt work she performed. These factors support the conclusion Jones was an exempt administrative employee even though her supervisory duties included some of the same clerical functions performed by her subordinates. See 29 C.F.R. 541.103.
 
 
 18
 Jones also contends she did not exercise discretion and independent judgment. An employee may be exercising discretion and independent judgment even though the use of such judgment consists of recommendations rather than action, and even though the employee's decisions may be subject to review. Id. 541.207(e)(1). Although Tiller had the right to review Jones' actions and recommendations, the undisputed facts establish that her work included the exercise of discretion and independent judgment regarding such substantial matters as delegating the work to be performed and ensuring that it was carried out, evaluating employees' performance, and handling patient scheduling and billing matters. See id. 541.207.
 
 
 19
 Jones contends she fails the primary duty test because she spent more than twenty percent of her time performing nonexecutive and nonadministrative work. See id. 541.1(e), 541.2(d). Jones relies upon a special combination exemption, id. 541.600(a), which includes this twenty percent requirement. The combination exemption enables an employer to "tack" exempt work under one category onto exempt work under another category in order to qualify an employee for an exemption whose primary duty is neither management nor administration. See Shockley v. City of Newport News, 997 F.2d 18, 29 (4th Cir.1993). Because Jones' primary duty was administration and Tiller was not attempting to "tack" together different exemptions, the combination exemption is not relevant here.
 
 
 20
 Jones also relies upon the "working foreman" regulation, 29 C.F.R. 541.115, which is also inapplicable. That regulation is only relevant where the long test must be applied, rather than the short test, which is applicable here. See Donovan v. Burger King Corp., 672 F.2d 221, 228 (1st Cir.1982).
 
 
 21
 Because there is no genuine issue as to any material fact, construing the factual record and reasonable inferences therefrom in the light most favorable to Jones, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Appellees' motion to strike appellant's reply brief is denied
 
 
 [3]
 The principles described in 29 C.F.R. 541.103 to determine whether an employee's primary duty is executive also apply to determine whether an employee's primary duty is administration. Id. 541.206(b)