FILED
United States Court of Appeals
Tenth Circuit

December 10, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

WILLIAM EVANS,

     Plaintiff - Appellant,

and

JEFFREY THAYER,

     Plaintiff,

v.

LOVELAND AUTOMOTIVE
INVESTMENTS, INC.; JOHN RICHARD
PIPE, d/b/a Loveland Auto Transport;
PIPELINE AUTO TRANSPORT, INC.,

     Defendants - Appellees.

No. 15-1049
(D.C. No. 1:13-CV-02415-WJM-KMT)
(D. Colo.)

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
———————————————

Appellant William Evans appeals from one ruling in a judgment generally

granted in his favor—the denial of an award of liquidated damages under the Fair

---

[*] After examining plaintiff-appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Exercising jurisdiction under 28 U.S.C. § 1291, we agree with Mr. Evans that the district court was not precluded from awarding liquidated damages, and we remand the case for reconsideration in accordance with this order.

Mr. Evans worked as a truck driver for the defendants. After the defendants failed to timely pay him wages, he sued under FLSA and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. §§ 8-4-101 to -123.[1] Mr. Evans properly served the defendants with his complaint, but the defendants failed to file a responsive pleading by the applicable deadline or otherwise respond to the complaint. After default was entered against the defendants, they moved to set aside the entry of default. Although the court initially set aside entry of default as to one of them, it later granted Mr. Evans's subsequent motion for entry of default judgment as to all of them. Oddly, Mr. Evans next moved for summary judgment, rather than default judgment.

The district court treated Mr. Evans's motion for summary judgment as an application for default judgment under Fed. R. Civ. P. 55(b)(2) and entered a final default judgment. In doing so, the court concluded that Mr. Evans was entitled to judgment in his favor on both his FLSA and CWCA claims. Aplt. App. at 15; *see Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000) (holding that

---

[1] Mr. Evans's co-plaintiff has not appealed, so this order and judgment addresses only Mr. Evans's claims.

2

because FLSA does not preempt CWCA, a plaintiff "is entitled to assert claims for relief under both statutes").

The court then stated that "these claims give rise to similar and, at least partially, overlapping damages." Aplt. App. at 15. The court cited *Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1459 (10th Cir. 1997) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1259 (10th Cir. 1988)), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011), for the principle that "'[i]f a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery.'" Then without evaluating the nature of relief available under FLSA and CWCA, the court further concluded that Mr. Evans could "recover damages only on the statute which provides the greatest relief." Aplt. App. at 15.

Without explaining why it believed CWCA provided greater relief than FLSA, the district court awarded Mr. Evans $7,248.75 in compensatory damages for unpaid wages under CWCA. Further, after finding that Mr. Evans had made a proper, written demand for payment under CWCA and that the defendants had willfully failed to pay the owed wages, the district court also awarded Mr. Evans a penalty under CWCA of 175% of the unpaid wages: $12,685.31. *See* Colo. Rev. Stat. § 8-4-109(3). Although noting that Mr. Evans had provided no support for his prejudgment-interest claim, the court nevertheless exercised its discretion and awarded prejudgment interest—solely on the compensatory damages—in the amount

3

of $1077.18, together with postjudgment interest. In addition, it ruled that Mr. Evans was entitled to his attorney fees and costs.

On appeal, Mr. Evans contends that he is entitled to FLSA liquidated damages in addition to the CWCA penalty because the two monetary awards serve different purposes. More specifically, he contends that FLSA liquidated damages are meant to compensate employees wrongly unpaid their wages, but that the CWCA penalty is meant to punish employers that wrongly fail to pay their employees' earned wages. We agree with Mr. Evans's position.

We review de novo a district court's conclusions of law, including matters of statutory interpretation and legal analysis underlying a district court's award of damages. *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1257 (10th Cir. 2001).

In addition to requiring employers to pay wages owed, FLSA authorizes the imposition of an equal amount as liquidated damages unless "the employer shows both that he acted in good faith and that he had reasonable grounds for believing that his actions did not violate the Act." *Doty v. Elias*, 733 F.2d 720, 725-26 (10th Cir. 1984); *see also* 29 U.S.C. §§ 216(b), 260. Liquidated damages awarded under FLSA are compensatory rather than punitive. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). In other words, they "'are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA.'" *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1202 (10th Cir. 2004) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)); *see also Renfro v. City of Emporia*, 948 F.2d

4

1529, 1540 (10th Cir. 1991) ("The purpose for the award of liquidated damages is 'the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages.'" (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 463 (D.C. Cir. 1976))).

The relief available under FLSA and CWCA does partially overlap because both laws allow employees to recover unpaid wages as compensatory damages. And Mr. Evans concedes that he can recover his unpaid wages only once. But, as discussed above, FLSA allows for additional compensatory damages as liquidated damages. In contrast, CWCA imposes a penalty on an employer who receives an employee's written demand for payment and fails to make payment within fourteen days, and it increases the penalty if the employer's failure to pay is willful. *See Graham v. Zurich Am. Ins. Co.*, 296 P.3d 347, 349-50 (Colo. App. 2012). No Tenth Circuit case directly addresses whether these damages duplicate one another.

Other jurisdictions have concluded that an award of both a state statutory penalty and FLSA liquidated damages does not constitute a double recovery. *See, e.g.*, *Mathis v. Housing Auth.*, 242 F. Supp. 2d 777, 790 (D. Or. 2002) ("[A]n award of the penalty under [the state law] and an award of liquidated damages under the FLSA do not constitute a double recovery."); *Morales v. Cancun Charlie's Rest.*, No. 3:07-cv-1836 (CFD), 2010 WL 7865081, at *9 (D. Conn. Nov. 23, 2010) (unpublished) (allowing recovery of liquidated damages under both FLSA and state law because the provisions "serve different purposes—the FLSA damages are compensatory and the [state law] damages serve a punitive purpose"); *Do Yea Kim v.*

5

*167 Nail Plaza*, No. 05 CV 8560 (GBD), 2008 WL 2676598, at *3 (S.D.N.Y. July 7, 2008) (unpublished) ("New York Labor Law provides separately for liquidated damages in overtime compensation claims, in addition to federal liquidated damages."). We agree with the rationale of these cases.

We note further that, like FLSA liquidated damages, prejudgment interest also is meant "'to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.'" *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1247 (10th Cir. 2000) (quoting *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275, 1288 (10th Cir. 1998)). It follows that "a party may not recover both liquidated damages and prejudgment interest under the FLSA." *Doty*, 733 F.2d at 726. Thus, on remand, if the district court awards FLSA liquidated damages it must vacate its award of prejudgment interest. *See Dep't of Labor v. City of Sapulpa*, 30 F.3d 1285, 1290 (10th Cir. 1994) ("If the district court finds that liquidated damages should be awarded it must vacate its award of prejudgment interest, because it is settled that such interest may not be awarded in addition to liquidated damages.").

Therefore, we remand to the district court to recalculate the amount of damages in light of our determination that it is permissible for the court to award

6

both FLSA liquidated damages and a CWCA penalty. If the court awards FLSA liquidated damages, it must vacate the award of prejudgment interest.

Entered for the Court

Gregory A. Phillips
Circuit Judge