**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RONALD L. AARON, DOUGLAS K.
ACUNA, BERTON ADAMSON, BRIAN
E. ADDIS, MARK J. ALEXANDER,
DONALD E. ALLEN, TROY W.
ALLEN, GARY W. ANDERSON, KIM
L. ANDERSON, THOMAS J.
ANDERSON, DANIEL J.
ARMSTRONG, EDWARD L. ARNOLD,
KENNETH D. AST, ROBERT W.
AVERY, MARK D. BAKER, SAM W.
BANNISTER, III, ROBERT M.
BARRETT, JAMES J. BARRIENTOS,
ROBERT G. BATTAGLEAR, WILLIAM
C. BEAN, F. HOWARD BECKER, JACK
N. BENNETT, ALAN L. BENSON,
FLOYD R. BESS, STUART BEVIS,
CHARLES F. BICKEL, GREGORY L.
BLACK, GARY L. BLANKINSHIP,
TIMOTHY N. BOHANNAN, WEBSTER
T. BOURN, CHRIS M. BOWEN,
ROBERT L. BRADFIELD, ROBERT S.
BROWN, RONALD J. BROWN,
DARRIN L. BRUHN, FRANK E. BUCK,
RICHARD A. BUSHEY, DAVID A.
CAIN, EVERETT J. CARPENTER,
ROBERT R. CARR, TIMOTHY M.
CARR, RICKEY S. CARTER, GEORGE
T. CHANDLER, RONALD L.
CHARLES, BRYAN CHAVEZ,
DWAYNE F. CHEW, BYRON N.
CHRISLER, PAUL D. CHRISTMAN,
WILLIAM E. CLARKIN, MICHAEL R.
CLEVENGER, LARRY D. CLYNE,
GALE D. COCANNOUER, ANDREW
M. COLE, LARRY C. COLE,
GREGORY D. CONNER, JAMES D.
CONNER, WILLIAM R. CORDTS,
MICHAEL D. CORNS, JOSEPH F.
COUEY, DENNIS R. COWEL, JOHN W.
CRANDELL, KENNETH A.
CRAWFORD, RONALD D. CRISLER,

MARK CURLESS, GARY E. CURMODE, MICHAEL D. CUSTER, ROBERT W. DAVIDSON, RAY J. DAVIS, STEPHEN R. DAVIS, BRIAN L. DODY, SCOTT A. DOWNS, MEREDITH B. DOWTY, JERRY L. DUFF, DAVID L. DUNAGAN, HARLEY D. DYER, BILLY W. DYSART, DARREN T. DYSART, MICHAEL L. ELLSWORTH, MATTHEW W. ELSEA, KENNETH A. ENYEART, RONALD B. EVANS, R. MICHAEL FENTON, LARRY D. FEUERBORN, JAMES L. FIANT, GARY M. FISHER, TROY FRANKLIN, JR., WILLIAM E. FRANKLIN, CHARLES B. FROOME, LARRY D. GALYARDT, MARK D. GARCIA, PATRICK A. GERBER, JOHN GERMANN, WILLIAM R. GILMORE, JESUS M. GONZALEZ, REX L. GRAY,S TEPHEN G. GRINER, CHARLES GUNTER, MARK S. HAHN, THOMAS A. HALL, WILLIAM O. HAMILTON, EUGENE H. HAMMOND, DALLAS E. HANKINS, JAMES L. HARMON, PASCAL A. HARVEY, LOREN D. HATHAWAY, MARC C. HAYNES, GARY J. HEATH, II, CARL G. HODGES, JR., LARRY HOLMES, DENNIS R. HORNBECK, DELBERT L. HOWLAND, ROBERT L. HUGHES, GARY R. HUNTSPERGER, LEANDER B. IZZARD, JR., DONALD R. JAMES, ROBIN L. JAMES, MARK E. JENKINS, DAVID P. JOHNSON, RUSTY JOHNSTON, RICHARD L. KANAGA, HARVEY D. KATES, WILLIAM A. KENNEY, BRIAN P. KERSCHEN, DONALD KERSTING, WARREN J. KING, RODNEY D. KINKELAAR, DANIEL L. KLAUSMEYER, DONALD T. KLOPPENBERG, JOHN KOSLOWSKY, ANTHONY J. KOWAL, DONALD J. LANZRATH, FRANK J.

LARY, LESLIE S. LASSLEY, KENT C. LAWSON, RANDALL J. LEIKER, STERLING M. LEWALLEN, DWIGHT H. LIEN, MARK R. LIVINGSTON, RONALD J. LONGAR, JERALD L. LOWDERMAN, KEVIN E. LYNCH, CHARLES M. MACY, SR., CHARLES M. MACY, MICHAEL D. MADDOX, WILLIAM H. MADEN, MICHAEL C. MALONE, MIKE MALTER, MARTIN K. MARSHALL, JIM D. MARTIN, CURTIS R. MAST, LARRY K. MATTHEWS, DARREN L. MCCLINTOCK, DANIEL R. MCCLURE, MICHAEL W. MCKERNAN, RONALD W. MEADOWS, NICHOLAS M. MENDOZA, MICHAEL F. MENGES, TIMOTHY S. MERCER, LARRY K. MERRIMAN, JOHN N. MILLER, KENT N. MILLER, RONNIE J. MINTON, SAMMY R. MINTON, JOSEPH A. MOLINA, STEVE A. MOLINA, JOHN MONTGOMERY, TERRY S. MOON, JR., MICHAEL D. MORELAND, MICHAEL M. MORLAND, ERNEST R. MOWER, JAMES L. MULLIKIN, GREGG D. MYRTLE, TERRY W. NESMITH, SIDNEY J. NEWBY, TOD W. NEWLIN, WILLIAM W. NEWLIN, FREDRICK NICKELL, REX A. NICOLAY, MEL OREBAUGH, MARTY J. ORTIZ, BILL K. OWENS, BRENT K. OWENS, CHARLES H. PEASTER, JR., MARK PEREZ, III, FRED L. PETERS, EDDIE A. PHILPOTT, DOUGLAS E. PICKARD, RICHARD E. POTTERTON, CHARLES L. POTTS, DAVID N. POWELL, PAUL E. POWERS, NORMAN J. PRICE, JR., LARRY J. RAY, LON G. REDGATE, GREG R. REED, MARK A. REYNOLDS, GREGORY A. RIDDER, RICHARD R. RIDDER, JOHN C. RITCHARDS, BRUCE I. ROBERTS, MARK D.

ROBERTS, JAMES R. ROBILLARD, JOHN R. ROBINSON, ROBERT W. ROBINSON, KENNETH P. RODGERS, CHARLES K. ROGERS, VERNON ROHLMAN, DONALD P. ROWE, JOHN M. RUSSELL, PHILIP L. RUSSELL, ROGER D. SALMANS, MICHAEL D. SAWYER, DARRELL SCHOFIELD, KENNETH R. SCHOFIELD, JAMES E. SCHROEDER, EARNEST E. SCHULER, GREG G. SCOTT, KENNETH SCHACKELFORD, KENNETH F. SIMMONS, JOHN L. SINGLETON, RANDY E. SLAUGHTER, NEIL A. SLECHTA, MICHAEL J. SMITH, PAUL M. SMITH, ELIZABETH C. SNOW, BRIEN N. SNYDER, GARY D. SPICKARD, O.L. STAUDACHER, MICHAEL R. STEELE, THOMAS J. STEINKIRCHNER, GREG STOKES, C. DWAYNE STOVALL, JOHN K. TABLER, LOUIS L. TANGNEY, ROBERT A. THOME, STEPHEN R. THOMSE, JAMES TIBBS, JR., JAMES A. TODD, JEFFREY B. TOEWS, JERRY W. TOLE, THEODORE J. TRASK, TERRY TRIMBLE, JOHN S. TURNER, GARY S. VAIL, MARY K. VANCE, RANDY VULGAMORE, STEPHEN A. WEBB, MICHAEL C. WELLS, BILLY J. WENZEL, FRANK M. WEST, DAVID L. WHITE, JAMES D. WHITEHEAD, JOHN A. WILLIAMS, RAYMOND WILLIAMS, STEVEN M. WILLIG, DAVID D. WILSON, LORENA R. WILSON, MAX L. WINSOR, FREDRIC J. WINTER, ROBERT L. WOLFE, JAMES L. WOODS, JR., JIM D. WOODS, TEDDY A. WOODS, JEFFREY C. CROCKER, TIMOTHY P. DENEEN, DAVID R. ARAGON, CHARLES E. BAGSHAW, RICK BAHR, RONALD D. BALDING, STANLEY D. BEVAN, MATT W. BOWEN, THOMAS K. CAUDELL, MARK K. CHAIRS,

MARK K. CHAIRS, BRADLEY F. CRISP, LARRY J. CUSHENBERY, DAVE DARROW, RAYMOND A. DAVIS, MARK A. DEWEY, PAUL A. DEXTRAS, LANCE R. DIFFENBAUGH, ROBERT W. DUSENBERY, URBAN ECK, JAMES ELSON, ADIAN L. EMERY, LANCE DWIGHT FLOWERS, MELVIN E. FRANKLIN, GARY A. FRAZIER, STEVEN D. FREEMAN, JAMES SCOTT FROMME, ROBERT D. GARCIA, KENNETH J. GASTON, STEVEN D. GRAEBNER, ALAN J. GREEN, DAVID GUNTER, RICHARD P. HARRIS, RUSSELL HARRISON, ANTHONY J. HEARD, TODD HENDRICKS, KENDALL J. HOPE, BRIAN D. HOY, JASON T. JONES, MARK A. JORDAN, G.R. KITCH, TEDDY G. LEAKE, JACKY L. LUPER, JEFF T. MCCLERNON, ROBERT MCGREGOR, aka Scott McGregor, JERRY M. MCINTOSH, RONALD J. MIES, JOHN J. MILLER, III, LESLIE W. MILLER, MARK NONKEN, EUGENE L. PEARSON, DAVID C. PELAAM, MELVIN PRIEST, STAN E. RAITAR, RICHARD E. REEVES, MARK J. REIBENSPIES, JAMES A. RILEY, CARLOS A. RODRIGUEZ, KEVIN D. ROYSE, GREGORY L. SCHMIDT, STEVEN K. SCHOWALTER, MATTHEW A. SCHULTE, DEBRA D. SHAUERS, LARRY SHELLMAN, JAMES F. STILLMAN, MIKE T. STOFFEL, TERRY L. TIMMONS, JOHN J. TULLY, KURTIS M. VOGEL, JAMES D. WILSON, DOUGLAS W. WINTER, EARNEST G. LARKIN, CHESTER L. SELMON, MICHAEL W. GEORGE, KELLY M. ZANE, THOMAS A. DENT, DAVID T. THISSEN, RONALD G. VOGEL, MARTY J. SEIPEL, ANTHONY L. FRANKLIN,

GLENDA L. CRIPPEN, JOHN F. CRIPPEN, DONALD S. ECKERMAN, JAMES KRUEGER, CYRUS W. OMO, CHESTER THOMAS, LINDA K. WHITE, fka Linda K. Shiney, STEVEN S. TAYLOR, ADRIAN L. EMERY, JEFFREY C. ECKELS, BRIAN L. MOORE, TERRENCE D. SPEXARTH, BRADLEY J. BANZ, JONATHAN BARBER, TOM J. CARNEY, STEVEN J. CRUSINBERRY, PATRICK K. EVERTON, BERNIE J. HUDSPETH, GREGORY L. LANDSVERK, JOHNNY MYERS, JAMIE NEWLIN, MARC L. POWELL, TIM VOSS, TIMOTHY K. WOODARD, JOSEPH M. WAPPELHORST, TIM HIGGINS, NEIL E. BARNES, WARREN B. KOEHN, TIM R. CLARK, STACEY E. WESPI, BOBBY W. MILLER, PATRICK GEORGE ROLAND, JEFFREY A. FREEMAN, FLOYD J. SOILEAU, JR., CHARLES D. EBERHARD, STEVE HERBST, TED M. BUSH, CHRISTOPHER ORLOSKE, GILBERT RODRIGUEZ and DAVID E. HERSH, on behalf of themselves and all others similarly situated,

    Plaintiffs-Appellants,

       v.

THE CITY OF WICHITA, KANSAS,

    Defendant-Appellee.

No. 96-3091
(D.C. No. 90-CV-1536)
(D. Kan.)

-6-

ORDER AND JUDGMENT[*]

Before BRORBY, BRISCOE, and MURPHY, Circuit Judges.

Plaintiffs, current and former employees of the Wichita Fire Department, appeal the district court's entry of summary judgment in favor of the City of Wichita with respect to their claims for overtime pay under the Fair Labor Standards Act (FLSA). We reverse and remand for further proceedings.

I.

In their complaint, plaintiffs alleged the city violated the FLSA by improperly classifying fire captains, fire battalion chiefs, and fire division chiefs as "executives" under the FLSA, exempting them from overtime pay.[1] The district court granted summary judgment in favor of plaintiffs on these claims, concluding fire captains, battalion chiefs, and division chiefs were not exempt from FLSA requirements. More specifically, the court concluded these employees could not be considered as paid "on a salary basis" because of a City policy allowing deductions in accrued leave for absences of less than a day.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Plaintiffs asserted additional claims in their complaint that are not at issue in this appeal.

The City appealed. Disagreeing with the district court, we concluded there was "no evidence that the City had an *express* policy of docking pay for time missed." Aaron v. City of Wichita, 54 F.3d 652, 658 (10th Cir.) (Aaron I), cert. denied 116 S. Ct. 419 (1995). Accordingly, we concluded the employees at issue "were paid on a salary basis" and therefore satisfied the salary test for purposes of the FLSA. However, in order to demonstrate the claimed "executive" exemptions were justified, we noted the City had to also demonstrate the employees in question satisfied the "duties" test, *i.e.*, their primary duty was management. With respect to the "duties" test, we concluded genuine issues of fact existed, and reversed and remanded with the following instructions:

> The district court must determine what percentage of the Chiefs' and [Captains'] time is spent on management tasks. In Sapulpa, we noted that the regulations indicate various activities that are considered to be management duties. If on remand the court determines that the Chiefs or Captains spend less than 50% of their time on management functions, however, a four-factor analysis must be applied by the district court to determine whether the employees may nevertheless be considered supervisory. These four factors include: 1) the relative importance of management as opposed to other duties; 2) the frequency with which the employee exercises discretionary powers; 3) the employee's relative freedom from supervision; and 4) the relationship between the alleged exempt employee's salary and wages paid to other employees for similar non-exempt work.

Id. at 659 (internal citations omitted). On remand, the City filed a motion for summary judgment asserting that, as a matter of law, the employees at issue satisfied the "duties" test because their primary duty was management. After allowing the parties to brief and argue the motion, the district court granted summary judgment in favor of the City. In doing so, the court concluded "more than 50% of the employees' time is spent in performing management functions," and "[i]f any question pertaining to the fire captains remains, this class passes the 'four factor' test as well." Append. III at 999.

Plaintiffs appeal that part of the district court's decision granting summary judgment in favor of the City with respect to the claimed exemption for fire captains.[2]

## II.

We review the district court's grant of summary judgment de novo, applying the same standard used by the district court under Fed. R. Civ. P. 56(c). V-1 Oil Co. v. Means, 94 F.3d 1420, 1422 (10th Cir. 1996). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

As we noted in Aaron I, "[t]he employer has the burden of showing that its employees are exempt from the FLSA's overtime provisions." 54 F.3d at 657; see also Hays v. City of Pauls Valley, 74 F.3d 1002, 1005 (10th Cir. 1996). In particular, the employer must demonstrate the employees at issue fit "'plainly and unmistakenly'" within the terms of the claims exemptions. Aaron I, 54 F.3d at 657; Reich v. State of Wyoming, 993 F.2d 739, 741 (10th Cir. 1993). To satisfy this burden, the employer must present "'clear and affirmative'" evidence of the exemption's applicability. Aaron I, 54 F.3d at 657 (quoting Donovan v. United Video, 725 F.2d 577, 581 (10th Cir. 1984)). Here, the City claims, and has the burden of proving, that fire captains are exempt "executive" employees within the meaning of 29 U.S.C. § 213(a)(1). Department of Labor v. City of Sapulpa, 30 F.3d 1285, 1287 (10th Cir. 1994). If these employees are determined to be "executives" under § 213(a)(1), they are exempt from overtime compensation. Id.

---

[2] Plaintiffs have abandoned their claims concerning the battalion chiefs and the division chiefs.

Applicable federal regulations set forth a "short test" and a "long test" for determining whether an employee qualifies for the "executive" exemption. See 29 C.F.R. § 541.1. The "short test" provides that "an employee who is compensated on a salary basis at a rate of not less than $250.00 per week . . . and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, shall be deemed to meet all the requirements of this section." For purposes of applying the "short test," the following activities are considered to be management duties:

> Interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; . . . appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

29 C.F.R. § 541.102(b).

In deciding an employee's primary duty, we have indicated "[a] fact-sensitive inquiry is necessary, but '[i]n the ordinary case it may be taken as a good rule of thumb that primary duty means the major part, or over 50 percent, of the employee's time.'" Sapulpa, 30 F.3d at 1287 (quoting 29 C.F.R. § 541.103). In short, the amount of time an employee spends performing managerial duties is a useful guide in determining whether management is his or her primary duty. However, "[t]ime alone . . . is not the sole test." 29 C.F.R. § 541.103. "When an employee spends less than 50 percent of his time on management, four other factors should be considered: '[1] the relative importance of the

managerial duties as compared with other types of duties, [2] the frequency with which the employee exercises discretionary powers, [3] his relative freedom from supervision and [4] the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.'" Hays, 74 F.3d at 1007 (quoting 29 C.F.R. § 541.103). In Reich, we noted an employee's primary duty, for purposes of the FLSA, "is that which is of principal importance to the employer, rather than collateral tasks which may take up more than fifty percent of his or her time." 993 F.2d at 742.

For the following reasons, we conclude the district court erred in granting summary judgment in favor of the City. First, although the City presented evidence concerning the duties of fire captains in general, the evidence is less than revealing with respect to how these employees specifically spend their working time. In particular, it is difficult, if not impossible, to determine what percentage of time these employees spend on managerial tasks. For example, the parties agree fire captains spend part of their work days preparing reports. However, neither party has indicated the type of reports that are prepared. Although preparation of reports can qualify as a managerial task, see 29 C.F.R. § 541.108, the type of report being prepared is highly significant. See 29 C.F.R. § 541.115(c)(3). Further, it is uncontroverted that fire captains perform many of the same manual tasks as their subordinates (*e.g.*, firefighting, inspecting buildings, inspecting hydrants, etc.). However, the extent to which fire captains perform such tasks in a typical work day is not clear from the evidence submitted. Finally, it is not clear how much control the battalion chiefs exert over a station and its fire captains during a typical work day. Although the evidence presented by the City suggests fire captains participate in the management of their respective fire stations, it is not clear they (rather than the battalion

chiefs) are in charge of the stations or that their primary duty is management of the stations.  See 29 C.F.R. § 541.104(a).

Second, the district court appears to have engaged in factfinding and the weighing of credibility in deciding the motion for summary judgment.  Notwithstanding the deficiencies in the City's evidence, the district court drew inferences from that evidence and concluded fire captains spend more than 50 percent of their working time engaged in management functions.  In doing so, the court expressly discounted some of plaintiffs' evidence (*e.g.*, affidavits from fire captains) as self-serving.  In short, the district court improperly acted as factfinder.[3]  See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986) ("the drawing of legitimate inferences from the facts [is a] jury function[], not [that] of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); Hirase-Doi v. U.S. West Communications, 61 F.3d 777, 785 n.4 (10th Cir. 1995) ("credibility determinations should not be made on summary judgment").

Finally, a review of the parties' summary judgment briefs clearly indicates genuine issues of fact exist which preclude summary judgment.  For example, the parties vary greatly on estimates of the number of discretionary decisions made by a fire captain in a typical work day.  Further, there is conflicting evidence with respect to the amount of input fire captains have on personnel decisions concerning their subordinates.  There is also conflicting evidence concerning the extent to which the fire captains' work is

---

[3] Even though the district court essentially acted as factfinder, it did not explain how it arrived at its ultimate conclusion that the employees at issue spend more than 50 percent of their time engaged in management tasks.  For example, seemingly important factors, such as how much of a fire captain's time on emergency/fire calls can be classified as exempt and how much can be classified as nonexempt are simply not discussed.

-12-

"routinized" by the department's policies and procedures. Most significantly, the parties presented conflicting evidence concerning the amount of time in a work day fire captains spend performing managerial tasks. While the City estimates 80 percent of a fire captain's day is spent performing managerial tasks, plaintiffs submitted evidence from several fire captains suggesting less than 20 percent of a day is spent performing managerial tasks.

In summary, we conclude the district court erred in granting summary judgment in favor of the City. We reverse and remand for further proceedings to determine, consistent with our order in Aaron I, whether the fire captain's primary duty is management.

REVERSED and REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge