Lavaughn R. HILLS, Plaintiff,

v.

**WESTERN PAPER COMPANY,**
Defendant. ,

Civ. A. No. 92–1115–MLB.

United States District Court,
D. Kansas.

May 27, 1993.

Donald C. Tinker, Jr., Robbins, Tinker, Smith & Tinker, Wichita, KS, for plaintiff.

Nancy M. Landis, Spencer, Fane, Britt & Browne, Kansas City, MO, William C. Martucci, Spencer, Fane, Britt & Browne, Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

BELOT, District Judge.

This case comes before the court on Western Paper Company's (Western) motion for

summary judgment. (Doc. 20) Hills, a former branch Accounting and Credit Manager of Western's Wichita branch, brought this suit seeking to recover overtime compensation under the Fair Labor Standards Act (FLSA). Western seeks summary judgment on the basis that Hills falls under the administrative employee exemption to the FLSA's overtime compensation requirements.

Hills was hired as the Accounting and Credit Manager of Western's Wichita branch on December 29, 1986. In her capacity, she supervised one employee, Lois Archer, who had the title of "accounting assistant". Hills conducted a yearly performance evaluation of Archer and discussed it with her. She was also responsible for training and orienting new employees in the accounting department.

Hills' responsibilities included handling customer inquiries, which typically involved questions regarding accounts payable or accounts receivable. Hills was occasionally able to answer these questions over the telephone, but frequently was required to do follow-up work to resolve the issue. She handled calls from other companies seeking credit references, as well as calls from customers concerning their credit limits or extension of credit limits. Hills responded to these calls by obtaining the necessary information and discussing the matter with her immediate supervisor, Ken Hays, the manager of Western's Wichita branch. She would occasionally make recommendations to Hays about whether credit limits should be extended.

When a customer wanted to open a new account, Hills was responsible for researching a customer's credit history. On accounts over $75,000, Hills would make recommendations to Hays regarding the customer's credit limit. If a customer's order exceeded their credit limit, the order was placed on hold until it was approved for release. Hills regularly exercised the authority to approve the release of orders on credit hold. Hills also exercised authority to grant discounts to customers on accounts receivable in amounts up to $10.

Hills was paid on a salaried basis at the rate of approximately $1,800 per month.

Her salary was substantially higher than Archer's salary.

Hills' employment with Western was terminated on August 30, 1991. She thereafter filed this lawsuit in state court. Western removed the suit to federal court.

## STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue material fact and is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed. R.Civ.P. 56(c).

## DISCUSSION

The FLSA requires the payment of overtime compensation for employees who work in excess of forty hours worked per week. 29 U.S.C. § 207(a). Employees in an executive, administrative, or professional capacity are exempt from the overtime pay requirements. 29 U.S.C. § 213(a)(1). Under the statute, these terms are left for definition and delineation by regulations promulgated by the Department of Labor. The parties agree that the regulation applicable to this case is 29 C.F.R. § 541.2(e)(2), the so-called "short test".

Under the short test, an employee is deemed exempt if (1) their "primary duty consists of . . . [t]he performance of office or nonmanual work directly related to management policies or general business operations of [the] employer or [the] employer's customers, and (2) such duty includes work requiring the exercise of discretion and independent judgment." *Id.* The employer who asserts the exemption has the burden of establishing both of these requirements by clear and affirmative evidence. *Donovan v. United Video, Inc.,* 725 F.2d 577, 581 (10th Cir.1984); *Reich v. State of Wyoming,* 993 F.2d 739, 742 (10th Cir.1993).

*Directly Related to Management Policies or General Business Operations*

According to the regulations, the phrase "directly related to management poli-

cies or general business operations" describes those types of activities relating to the administrative operations of a business as distinguished from production or sales work. 29 C.F.R. § 541.205(a). The uncontroverted facts establish that Hills' duties directly relate to the administrative aspects of Western's business. Hills supervised and evaluated another employee under her. *See* 29 C.F.R. § 541.102(b). She was also responsible for training and orienting new employees in her department. Supervisory functions directly relate to and are the means through which management policies are implemented in a business. They have a continuing impact on productivity levels. Furthermore, as the Accounting and Credit Manager, Hills was responsible for managing the financial nerve center of Western's business. The importance of her job to the smooth and effective functioning of Western's business is obvious. Hills was responsible for keeping track of bills, payments, and insuring that customers to whom Western extended credit were creditworthy. Thus, the court finds that Hills' duties directly relate to both Western's management policies and its general business operations.

Hills argues that her *primary duties* did not consist of work directly related to either Western's management policies or its general business operations. In support of this contention, she has submitted an affidavit that states that she spent more than 50 percent of her time engaged in bookkeeping and clerical activities. This affidavit appears to be tailored to fit the regulations found at 29 C.F.R. § 541.103 and § 541.205. The former regulation provides in part:

> In the ordinary case it may be taken as a good rule of thumb that primary duty

means the major part, or over 50 percent of the employee's time.

Hills' argument is that since she spent more than 50 percent of her time in activities that 29 C.F.R. § 541.205(c)(1)[1] states do not directly relate to the management policies or general business operations, Western cannot establish this requirement.

Hills' argument overlooks other pertinent provisions of § 541.103, which state:

> Time alone, however, is not the sole test, and in situations where the employee does not spend over 50 percent of his time in managerial duties, he might nevertheless have management as his primary duty if the other pertinent factors support such a conclusion. Some of these pertinent factors are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.

The "other pertinent factors" referred to in the regulation make this a situation one where the 50 percent rule does not apply.[2] The nature and importance of Hills' managerial duties make a comparison with the time she spent in bookkeeping and clerical tasks insignificant. Hills held an important position. She regularly exercised discretionary powers, such as approving the release of orders on credit hold and making recommendations to the branch supervisor on extensions of credit and granting of discounts. Hills does not dispute that she was paid substantially more than her assistant. These uncontroverted facts collectively establish

---

1. The regulation reads:
   It is not possible to lay down specific rules that will indicate the precise point at which work becomes of substantial importance to the management or operation of a business. It should be clear that the cashier of a bank performs work at a responsible level and may therefore be said to be performing work directly related to management policies or teneral business operations. On the other hand, the bank teller does not. Likewise it is clear that bookkeepers, secretaries, and clerks of various kinds hold the run-of-the-mine positions in any ordinary business and are not performing work directly related to management policies or general business operations. On the other hand, a tax consultant employed either by an individual company or by a firm of consultants is ordinarily doing work of substantial importance to the management or operation of a business.

2. The court disagrees with the defendant's argument that § 541.103 cannot apply to the short test of § 541.2(e)(2).

that, notwithstanding the amount of time Hills purports to have spent doing bookkeeping and clerical work, her primary duties directly relate to both the defendant's management policies and its general business operations. *Cf. Reich v. State of Wyoming, supra,* 993 F.2d at 742 (time alone is not the only test of an employee's "primary duty"; the relative importance of the duties, the frequency with which the employee exercises discretion, and the relative freedom from supervision are all relevant considerations). The court finds that the first requirement of the short test is established.

*Exercise of Discretion and Independent Judgment*

According to the regulation found at 29 C.F.R. § 541.207(a):

[T]he exercise of discretion and independent judgment involves the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered. The term ... implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.

The defendant argues the uncontroverted facts establish that Hills' duties *included* the authority to independently perform a number of tasks requiring the exercise of discretion and independent judgment. Hills, on the other hand, argues that the uncontroverted facts demonstrate she did no more than apply established standards to situations as they arose.

The court agrees with the defendant's argument. Hills' performance of supervisory functions, standing alone, qualifies as work requiring the exercise of discretion and independent judgment. Apart from her supervisory functions, Hills admits, for example, that she exercised the authority to approve the release of orders on credit hold on a daily basis. Although Hills states that she did so only in accordance with guidelines established by Ken Hays, she does not identify what those guidelines are. This is insufficient to create a genuine issue of material fact, because once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Devery Implement Co. v. J.I. Case Co.,* 944 F.2d 724, 726 (10th Cir.1991). In our judgment, Hills has the burden to show what the guidelines are and that their operation is so restrictive as to remove the element of independent judgment from Hills' decisions. In the absence of such a showing, the court cannot assume that these guidelines are so prophylactic and all-encompassing as to remove Hills' authority to make independent judgments on all significant matters. The court finds that the second requirement of the short test is established.

The defendant's motion (Doc. 20) for summary judgment is hereby granted.

IT IS SO ORDERED.