Samuel L. DANIELS, Plaintiff–Appellant,

v.

CALEEL + HAYDEN, L.L.C., a Delaware limited liability Company, Defendant–Appellee.

No. 02CA0789.

Colorado Court of Appeals, Div. A.

May 8, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

David Lichtenstein, Denver, Colorado, for Plaintiff–Appellant.

Tiemeier & Hensen, P.C., Stephen J. Hensen, C. Todd Drake, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge METZGER.*

Plaintiff, Samuel L. Daniels, appeals the summary judgment that concluded, as a matter of law, that he was an exempt employee under the federal Fair Labor Standards Act (FLSA) while employed by defendant, Caleel + Hayden, L.L.C. (company). We reverse and remand the case for further proceedings.

Daniels was employed by the company as an accounts payable specialist from January until April 2001. On the company's motion for summary judgment, the trial court determined that he was exempt from overtime pay as an administrative employee pursuant to 29 U.S.C. § 213(a)(1) of the FLSA.

I.

Daniels contends that the entry of summary judgment was improper because disputed factual issues remain concerning his exempt status. We agree.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Appellate courts review a summary judgment de novo. Summary judgment is appropriate when the moving party has successfully carried the burden of showing that no genuine issues of material fact remain to be determined. *See* C.R.C.P. 56(c); *Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.*, 901 P.2d 1251, 1256 (Colo. 1995).

■ Whether an employee is exempt from overtime under the FLSA is a conclusion of law, which we review de novo. *Reich v. Wyoming*, 993 F.2d 739, 741 (10th Cir.1993).

The § 213(a)(1) exemption applies to employees in "bona fide executive, administrative, or professional" capacities. The Secretary of Labor has promulgated regulations to assist in determining whether an employee meets the requirements of the exemption. 29 C.F.R. § 541.2 (2002).

■ Exemptions under the FLSA are to be narrowly construed. The employer must show that the employee "plainly and unmistakably" falls within the exemption's terms. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960).

The appropriate legal test to determine an employee's exemption from overtime is found at 29 C.F.R. § 541.214 (2002). *See Spinden v. GS Roofing Products Co.*, 94 F.3d 421, 426 (8th Cir.1996). To be exempt, an employee must earn a salary or fee of at least $250 per week and have a:

> primary duty [which] consists of either the performance of office or nonmanual work directly related to management policies or general business operations of the employer ... where the performance of such primary duty includes work requiring the exercise of discretion and independent judgment.

29 C.F.R. § 541.214.

The phrases "nonmanual work," "directly related to management policies or general business operations," "primary duty," and "discretion and independent judgment" are all further defined in the regulations. 29 C.F.R. §§ 541.203, 541.205–541.207 (2002).

### A.

It is undisputed that Daniels's salary was more than $250 per week and the work involved here was office work. However, the parties do not agree about the nature of Daniels's primary duty.

■ Section 541.206 incorporates by reference the definition of "primary duty" from the regulations for the executive exemption to 29 U.S.C. § 213(a)(1), found in 29 C.F.R. § 541.103. Section 541.103 states that a general guideline to use in evaluating the "primary duty" requirement is whether an employee spends over fifty percent of his or her time on those activities. However, even if an employee spends less than fifty percent of his or her time on administrative activities, the circumstances surrounding the job may still support a conclusion that the employee is within the exemption. *See* 29 C.F.R. § 541.103; *Dep't of Labor v. City of Sapulpa*, 30 F.3d 1285, 1287–88 (10th Cir.1994).

Here, the record contains evidence that Daniels devoted at least fifty percent of his time to processing accounts payable, but the skills required may have been classified as only clerical or basic bookkeeping.

Because it is unclear whether Daniels met the fifty percent guideline, we must look to other factors in analyzing the issue. These include the relative importance of the administrative duties when compared to the other duties, the frequency with which discretion was exercised, the employee's relative freedom from supervision, and the employee's wages compared to the wages of those who perform nonexempt work. Section 541.103; *Spinden v. GS Roofing Products Co., supra*, 94 F.3d at 427 (employee found to be administrative despite having only ten percent administrative responsibilities, where that ten percent consisted of preparing vital business reports and other significant tasks); *Dep't of Labor v. City of Sapulpa, supra*, 30 F.3d at 1288.

This analysis requires factual determinations which are in dispute at this point in the litigation. Accordingly, the summary judgment cannot stand.

### B.

The second prong of the test is whether the primary duty was directly related to management policies or general business operations. We also conclude that the record on this point does not support the entry of summary judgment.

The pivotal distinction is between those jobs that are "run-of-the-mill [mine] positions in an ordinary business" and those that make policy or "affect business operations to a substantial degree." Section 541.205(c).

Here, the record does not show the degree of impact each of Daniels's job functions had upon the general business operations of the company. Daniels did not exercise any supervisory authority over other employees, and the record does not reflect the importance of his accounts payable duties to the company. *Cf. Spinden, supra*, 94 F.3d at 428; *Hills v. Western Paper Co.*, 825 F.Supp. 936, 938 (D.Kan.1993).

Section 541.205(b) explicitly lists "advising the management" and "business . . . control" as administrative duties. Because there are disputes regarding how much of Daniels's work, if any, consisted of advising the management of the company or of control functions, the summary judgment cannot stand.

### C.

Finally, to qualify as exempt, the employee's position must require the exercise of discretion and independent judgment. This is more than the use of skills to follow routine procedures, 29 C.F.R. § 541.207, "choices involving matters of little or no consequence," and clerical-type decisions. It includes the formulation of policies. Section 541.207(d)(2).

It appears from the record that, arguably, Daniels performed both types of functions. The regulations are clear, however, that "many thousands of possible factual situations" could present themselves in making this determination. Section 541.207(d)(2); *see also Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1129 (9th Cir.2002). Thus, further factual determinations concerning the degree to which Daniels exercised discretion and independent judgment are necessary.

### II.

Daniels also argues that the trial court erred in entering summary judgment because he was, at most, training for the position and never fully assumed the duties which would qualify him as an exempt bona fide administrative employee. We conclude that further proceedings are necessary on this point as well.

This argument relies on 29 C.F.R. § 541.210, which says:

The exemption is applicable to an employee employed in a bona fide administrative capacity and does not include employees training for employment in an administrative capacity who are not actually performing the duties of an administrative employee.

For this section to apply, an employee must satisfy two requirements. First, he or she must be in training for an administrative position. Second, the employee must not be performing the duties of an administrative employee.

Here, there are disputed facts in the record on these points. Thus, the entry of summary judgment was incorrect.

The judgment is reversed, and the case is remanded for further proceedings.

Judge CASEBOLT and Judge CRISWELL* concur.