Paula CHASE, on behalf of herself and all other individuals similarly situated; Larry Guerra, on behalf of himself and all other individuals similarly situated; Walter Johnson, on behalf of himself and all other individuals similarly situated; and Michael Alexander, on behalf of himself and all other individuals similarly situated, Plaintiffs–Appellants,

v.

FARMERS INSURANCE EXCHANGE, Defendant–Appellee.

No. 03CA1301.

Colorado Court of Appeals, Div. I.

Oct. 7, 2004.

§ 24–51–1105, C.R.S.2003.

Kritzer/Zonies, LLC, Stuart A. Kritzer, Joseph J. Zonies, Denver, Colorado; Branch Law Firm, Turner W. Branch, Margaret Moses Branch, Clyde W. DeMersseman, Albuquerque, New Mexico, for Plaintiffs–Appellants.

Davis, Graham & Stubbs LLP, Thomas P. Johnson, Janette L. Ferguson, Andrea Wang, Denver, Colorado; Winston & Strawn, Lee Paterson, Jessie A. Kohler, Los Angeles, California, for Defendant–Appellee.

KAPELKE, J.

In this class action for recovery of overtime compensation, plaintiffs, Paula Chase, Larry Guerra, Walter Johnson, and Michael Alexander, on behalf of themselves and all other similarly situated individuals, appeal the summary judgment in favor of defendant, Farmers Insurance Exchange (FIE). We reverse and remand.

In their complaint, filed in August 2001, plaintiffs alleged that they and the other members of the putative class were nonexempt employees of FIE and thus entitled to overtime pay under the Colorado Wage Order No. 22 (the Wage Order). The Wage Order regulates the "wages, hours, working conditions and procedures" for certain employers and employees performing work in Colorado. Plaintiffs alleged that the class consisted of "all persons who are or have been employed by Defendant FIE as claims adjusters, also known and referred to by FIE as 'claims representatives,' 'senior claims representatives,' and/or 'special claims representatives' (collectively 'claims adjusters') in any of FIE's offices in the State of Colorado during the Class Period."

As an affirmative defense in its answer, FIE asserted that plaintiffs were exempt from the overtime pay requirements because they were "employed in a bona fide executive, administrative or professional capacity as set forth in the applicable state and federal overtime laws and regulations."

Plaintiffs filed a motion for partial summary judgment on FIE's administrative exemption defense, arguing that FIE was collaterally estopped from asserting that defense because it had already been rejected by a California court in a class action brought against FIE by claims representatives employed by the California branch of FIE's personal lines division. *See Bell v. Farmers Ins. Exch.,* 87 Cal.App.4th 805, 105 Cal.Rptr.2d 59 (2001)(holding that claims representatives are not exempt from the overtime pay provisions of California Wage Order No. 4).

The trial court denied plaintiffs' motion for partial summary judgment, however, stating that "California law relating to collateral estoppel governs and no final judgment has been rendered in *Bell.*"

In December 2002, FIE filed a motion for summary judgment in which it asserted that, based on a November 19, 2002 Department of Labor letter determining that certain insurance claims adjusters "satisfy the standard for exemption as bona fide administrative employees," plaintiffs were not entitled to overtime pay as a matter of law. FIE further asserted that because no reported Colorado opinions had yet addressed the Wage Order's administrative exemption, the exemption should be interpreted in accordance with the Fair Labor Standards Act (the FLSA) and applicable federal case law.

In a cross-motion for summary judgment, plaintiffs maintained that they were nonexempt employees under the Wage Order and were thus entitled to overtime wages. They also asserted: "Colorado's Wage Order limits the administrative exemption to a very narrow subset of employees compared to the federal laws. It is for this reason plaintiffs filed the case in state court under state law instead of in federal court under federal law."

On May 22, 2003, the trial court entered summary judgment against plaintiffs and in favor of FIE. In its written decision, the court made findings, based on the parties' submissions, regarding the nature of plaintiffs' duties and functions as claims representatives and ultimately concluded that under "either the short test [under the FLSA] or the language of Colorado Wage Order 22, FIE's claims representatives are administrative employees and therefore exempt from payment of overtime wages."

In addition to maintaining that the summary judgment was improper because genuine issues of material fact remain and that they are entitled to overtime pay as a matter of law based on the language of the Wage Order and the preclusive effect of *Bell,* plaintiffs assert on appeal that the summary judgment should be reversed in light of a recent federal district court judgment determining that certain categories of FIE claims representatives are nonexempt employees. *See In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.,* 300 F.Supp.2d 1020 (D.Or.2003)(*In re Farmers*). In that federal multidistrict overtime pay litigation (the MDL action), seven state law opt-out classes of FIE claims representatives, including a Colorado class, alleged that FIE had violated both federal and state wage laws in classifying its claims representatives as exempt from overtime pay compensation requirements. Following a bench trial, the federal court concluded that certain categories of claims representatives, namely "auto physical damage" claims representatives, "lower level property" claims representatives, "foremost" claims representatives handling "lower level property damage claims," and certain "multi-line" claims representatives, were not exempt from the overtime pay requirements under the FLSA. In so ruling, however, the court specifically stated that it was reserving certain state law and damage issues for further proceedings. *In re Farmers, supra,* 300 F.Supp.2d at 1036–37. On June 14, 2004, that court noted that the damages issues would not be resolved until December 31, 2004.

## I.

■ In this appeal, plaintiffs argue that because some, if not all, of them were members of the Colorado class in the MDL action, FIE is bound by the federal court's ruling. Specifically, plaintiffs contend that because FIE failed to object to the participation of the Colorado class in the MDL action after the trial court's entry of judgment here, as a

matter of law the doctrines of res judicata and collateral estoppel preclude FIE from obtaining a judgment in its favor. We disagree.

Res judicata, or claim preclusion, bars a second action on the "same claim as one litigated *in a prior proceeding* when there is a final judgment [and] identity of subject matter, claims for relief, and parties to the action." *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 832 (Colo.App.1996) (emphasis added). Similarly, one of the four requirements for invoking collateral estoppel, or issue preclusion, is that there has been "a final judgment on the merits *in the prior proceeding.*" *Antelope Co. v. Mobil Rocky Mountain, Inc.*, 51 P.3d 995, 1003 (Colo.App. 2001) (emphasis added).

Here, the trial court entered summary judgment for FIE and against plaintiffs on May 22, 2002. The judgment of the federal court in the MDL action, however, was not entered until November 6, 2003. Because the federal court judgment was not entered until more than seventeen months *after* the trial court's entry of judgment here, and because the preclusive effect of the doctrines of res judicata and collateral estoppel applies only to "prior proceedings," the ruling in the MDL action does not foreclose or invalidate the summary judgment in FIE's favor here.

Further, even if we were to characterize the MDL action as a prior proceeding, we nevertheless conclude that FIE would not be bound because a final judgment on the merits has not been entered in that case. In its November 6, 2003 ruling, the MDL court stated,

> [T]he administrative exemption test under the laws of the seven states at issue is substantially similar, if not identical in some instances, to the FLSA test. Consequently, my liability findings and conclusions on plaintiffs' FLSA claim apply to plaintiffs' state law claims. Any specific differences between the *various state laws in the area of damages or other issues will be addressed in future proceedings.*

*In re Farmers, supra,* 300 F.Supp.2d at 1036–37 (emphasis added; citation omitted).

Accordingly, we reject plaintiffs' contention that, at this stage of the proceeding, the doctrines of res judicata and collateral estoppel bar FIE from obtaining or enforcing a judgment in its favor.

## II.

Plaintiffs also contend that the trial court erred in granting FIE's motion for summary judgment because there remain genuine issues of material fact. We agree.

Summary judgment is appropriate only when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *McIntyre v. Bd. of County Comm'rs,* 86 P.3d 402, 406 (Colo. 2004).

Pursuant to 29 U.S.C. § 207(a)(1) (2003), employers are generally required to compensate their employees with overtime pay for those hours they work in excess of forty per workweek. However, those persons employed in a "bona fide executive, *administrative,* or professional capacity" are exempt from the overtime pay requirements of the FLSA. 29 U.S.C. § 213(a)(1) (2003)(emphasis added).

Similarly, the Wage Order also specifically exempts "administrative employees" from its overtime pay provisions. Section 5(a) of the order defines an administrative employee as:

> A *salaried* individual who directly serves the executive, and regularly performs duties important to the decision-making process of the executive. Said employee regularly exercises independent judgment and discretion in matters of significance and their primary duty is non-manual in nature and directly related to management policies or general business operations.

Under the FLSA, the employer bears the burden of demonstrating that its employee "plainly and unmistakably" qualifies for an exemption. *Daniels v. Caleel + Hayden, L.L.C.*, 72 P.3d 466, 468 (Colo.App.2003) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960)). We perceive no reason why that same burden should not also be placed on an employer seeking to establish that an em-

ployee falls within an exemption under Colorado law.

The determination of whether plaintiffs qualify for the Wage Order's administrative exemption requires a resolution of disputed issues of material fact. *See Daniels v. Caleel + Hayden, L.L.C., supra* (reversing summary judgment where issue whether employee qualified for exemption under FLSA required resolution of disputed issues of fact). For example, a genuine issue of material fact exists as to whether plaintiffs "regularly exercise[d] independent judgment and discretion in matters of significance."

While the trial court here specifically found that a claim representative "exercise[s] independent judgment in both evaluating liability and establishing the value of the claim," evidence submitted by plaintiffs showed that, in handling claims, the FIE Colorado claims representatives merely followed the "required procedures" outlined in the Claims Representative Field Manual. Further, in an affidavit submitted to the court, one of the named plaintiffs, a former FIE claims representative, explained, "Generally speaking, the question of coverage was a simple issue and *spelled out* on a computer-generated report. The more complex the coverage issues or the larger the claim, the *higher level of management would be needed to make the liability determination*" (emphasis added).

Our review of the record shows that even the nature of the claims representatives' primary duty remains in dispute. The trial court stated, "[T]he primary duty of a claims representative is to handle a claim to conclusion. This can mean denial of coverage ...." However, plaintiffs submitted evidence that claims representatives did *not* have authority to deny coverage, but, instead, were required to have the branch claims manager sign any letter denying coverage.

The trial court gave "a high degree of deference" to the November 19, 2002 letter from the Department of Labor, in which the department concluded that claims adjusters are exempt from the overtime pay requirements of the FLSA. However, in the letter the department stated: "This opinion is based exclusively on the facts and circumstances described in your request .... Existence of *any other factual or historical background* not contained in your request *might require a different conclusion* than the one expressed herein" (emphasis added).

Because resolution of whether plaintiffs fall within the administrative exemption requires factual determinations as to the nature of the claims representatives' primary duty and as to the degree, if any, to which they used independent judgment and discretion, and because factual issues remain in dispute, summary judgment here was improper. *See Daniels v. Caleel + Hayden, L.L.C., supra.*

### III.

■ Finally, plaintiffs contend that the trial court erred in denying their own motion for summary judgment. An order denying a motion for summary judgment, however, is not a final appealable order. *See Feiger, Collison & Killmer v. Jones*, 926 P.2d 1244 (Colo.1996). We therefore decline to address the contention.

The summary judgment for FIE is reversed, and the case is remanded for further proceedings on plaintiffs' complaint.

Judge MARQUEZ and Judge HUME concur.