**Michael COMBS, on behalf of himself and all others similarly situated, Plaintiff;**

v.

**JAGUAR ENERGY SERVICES, LLC, a Louisiana limited liability company, Defendant.**

Civil Action No. 1:15-cv-00815-REB-NYW

United States District Court, D. Colorado.

Signed May 17, 2016

---

Brian David Gonzales, Brian D. Gonzales, The Law Offices of, Fort Collins, CO, for Plaintiff.

Erich L. Bethke, Senn Visciano Canges, P.C., Denver, CO, Matthew L. Hoeg, Andrews Kurth, LLP, Houston, TX, for Defendant.

## ORDER GRANTING DEFENDANT JAGUAR ENERGY SERVICES, LLC'S F.R.C.P. 56 MOTION FOR SUMMARY JUDGMENT

Blackburn, United States District Judge

The matter before me is **Defendant Jaguar Energy Services, LLC's F.R.C.P. 56 Motion for Summary Judgment** [#27],[1] filed January 14, 2016. I grant the motion.[2]

### I. JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d

---

1. "[#308]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

2. The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument.

265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir.1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.[3]

A party who does not have the burden of proof at trial must show the absence of a genuine dispute. *Concrete Works of Colorado, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994), *cert. denied*, 514 U.S. 1004, 115 S.Ct. 1315, 131 L.Ed.2d 196 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Id.* at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815, 120 S.Ct. 53, 145 L.Ed.2d 46 (1999).

## III. ANALYSIS

This putative class action asserts a claim for unpaid overtime compensation allegedly due under the Colorado Minimum Wage Order Number 31 (the "Wage Order"), 7 C.C.R. 1103–1, promulgated under the Colorado Wage Act (the "CWA"), §§ 8–4–101–8–4–123, C.R.S. Plaintiff seeks to represent a class of current and former oil field workers employed by defendant as "service supervisors," "service operators," and "helpers." (*See* **Plf. Motion for Class Certification** at 3 [#26], filed January 13, 2016.) Because the employees are exempt from the Wage Order, I grant the motion for summary judgment.[4]

The undisputed facts are as follows. Defendant provides flowback and well testing,[5] as well as other products and services, to oil drilling companies with job sites located in Texas, Colorado, Louisiana, North Dakota, and Montana. Crews of three to five employees are assigned to each job. (**Def. Motion App.**, Schendel Aff. ¶¶ 3-4 at 1-2.) Each member of a particular crew is responsible for loading and transporting to the job site all the equipment, tools, and supplies required for the assigned job. (*Id.* ¶ 5 at 3.) Employees are "required ... to load the truck and trailers in such a way that they can be safely operated on the highways leading to the job sites." (*Id.* ¶ 6 at 4.) Crew members with valid driver's licenses take turns driving the truck and trailer to the job site; those who do not act as driver's helpers. (*Id.*) Plaintiff served in all these capacities during his employment. (*Id.*)

Approximately 15% of the jobs assigned from the Colorado office each year require a crew to travel out of the state. (*Id.*)

---

**3.** These standards are unchanged by the fact that the court will be the ultimate trier of fact in this matter. *See Medical Institute of Minnesota. v. National Association of Trade & Technical Schools*, 817 F.2d 1310, 1315 (8th Cir. 1987) ("A judge does not sit as a trier of fact when deciding a motion for summary judgment even if the case is scheduled to be heard without a jury."). *See also In re Unisys Savings Plan Litigation*, 74 F.3d 420, 433 (3rd Cir.1996) ("[E]ven if the facts are undisputed, summary judgment may not be granted where there is disagreement over inferences that can be reasonably drawn from those facts.").

**4.** I thus do not consider defendant's alternative preemption arguments.

**5.** Flowback and well testing involve "the removal and recovery of drilling fluids and the testing of those fluids for purposes of determining down-hole conditions." (**Def. Motion App.**, Schendel Aff. ¶ 3 at 1.)

Although any employee thus may be assigned to job sites outside Colorado (*id.*), plaintiff himself never worked at out-of-state job sites or otherwise traveled outside of Colorado for a job (**Plf. Resp. App.**, Combs Decl. ¶ 3 at 1; *see also* **Class Action Compl.** ¶ 7 at 2 (averring plaintiff performed well services in at job sites in Adams and Weld Counties)).

■ The Wage Order requires, relevantly, that covered employees be paid time and one-half the regular rate of pay for any work in excess of 40 hours per week or 12 hours per day. 7 C.C.R. 1103–1 § 4. However, certain specifically enumerated categories of employees are exempt from the Wage Order. Defendant claims plaintiff and the class of employees he seeks to represent fall within the exemption for "interstate drivers, driver helpers, [and] loaders ... of motor carriers." *Id.* § 5.[6] It is defendant's burden to prove "plainly and unmistakably" that a particular class of employees is exempt. *Kennett v. Bayada Home Health Care, Inc.*, 135 F.Supp.3d 1232, 1238 (D.Colo.2015); *Chase v. Farmers Insurance Exchange*, 129 P.3d 1011, 1014–15 (Colo.App.2004).

The terms "driver," "driver's helper," and "loader" are not defined by the Wage Order itself, and there appears to be no other statutory or caselaw authority which does so. Defendant maintains the court nevertheless may look to the definitions of these terms developed under Motor Carrier Act exemption (the "MCA exemption) to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Indeed, to the extent the relevant exemptions are coextensive, caselaw interpreting the MCA exemption can be instructive in divining the meaning of terms under the Wage Order. *See Salazar v. Butterball, LLC*, 2009 WL 6048979 at *15 (D.Colo. Dec. 3, 2009), *adopted*, 2010 WL 965353 (D.Colo. Mar. 15, 2010), *aff'd*, 644 F.3d 1130 (10th Cir. 2011); *Rutt v. Poudre Education Association*, 151 P.3d 585, 590 (Colo.App.2006), *rev'd on other grounds*, 184 P.3d 65 (Colo. 2008). Plaintiff counters, however, that the Wage Act exemption for drivers is narrower, and thus more protective, than the

---

6. Plaintiff does not even acknowledge, much less address, defendant's argument that it qualifies as a motor carrier. Because plaintiff proceeds instead to engage directly defendant's contention that the Motor Carrier Act exemption of the Fair Labor Standards Act applies here, I consider him to have intentionally relinquished, and thus waived (rather than forfeited), any such argument. *See Wood v. Milyard*, 566 U.S. 463, 132 S.Ct. 1826, 1832 n. 4, 182 L.Ed.2d 733 (2012) ("A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve."). *See also McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir.2010) (failure to adequately develop arguments before the district court may constitute either a waiver or a forfeiture depending on whether the failure to was intentional *vel non*).

Nevertheless, substantively, defendant does appear to satisfy the liberal definition of motor carrier. Although not defined by the Wage Order, under federal law, a "motor carrier" is one who "provid[es] motor vehicle transportation for compensation." 49 U.S.C.A. § 13102(14). "Transportation" includes "a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both," as well as "services related to that movement." *Id.* § 13102(23). Defendant's undisputed evidence shows that it charges customers for transportation of necessary tools and equipment to the job site (**Def. Motion App.**, Schendel Aff. ¶ 5 at 3), and caselaw establishes that employees who transport tools, equipment, and other property necessary to perform their job functions come within the ambit of the MCA, *see Friedrich v. U.S. Computer Services*, 974 F.2d 409, 417 (3rd Cir.1992). *See also* 29 C.F.R. § 782.3(a) ("driver" may include" employees, such as "driver-salesmen," "who devote much of their time to selling goods rather than to activities affecting such safety of operation").

FLSA exemption. Although I cannot agree, it ultimately makes no difference in any event.

▇▇ As plaintiff reads section 5 of the Wage Order, the exemption for "interstate drivers, driver helpers, [and] loaders . . . of motor carriers" means that all these classifications of workers are exempt only if their work involves interstate travel. As a matter of statutory construction, this interpretation is erroneous. Accepted canons of statutory construction provide that "qualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing." *Lockhart v. United States*, ── U.S. ──, 136 S.Ct. 958, 962–63, 194 L.Ed.2d 48 (2016) (quoting Black's Law Dictionary 1532-33 (10th ed. 2014)). *See also Murphy Exploration & Production Co. v. United States Department of the Interior*, 252 F.3d 473, 483 (D.C.Cir.) (Rogers, J. dissenting) ("Ordinarily, adjectival modifiers are placed closest to the nouns they modify, and to avoid ambiguity or confusion, nouns that are not modified are set apart from nouns that are modified."), *as modified on denial of reh'g*, 270 F.3d 957 (D.C.Cir.2001). Thus here, because the word "interstate" immediately precedes only the term "drivers," in the list of exempted categories of employees, it modifies only that category of employees.[7]

This distinction is of little help to plaintiff in any event. As there is nothing to suggest the Wage Order's exemption applies only to drivers who travel *exclusively* out of state, it is comparable to the MCA exemption, which, although limited, *inter alia*, to employees engaged in activities affecting interstate commerce, *see* 29 C.F.R. § 782.2(a)(2), nevertheless applies regardless whether all employees actually travel interstate or whether interstate travel makes up a significant portion of the employer's business, *Songer v. Dillon Resources, Inc.*, 618 F.3d 467, 474 (5th Cir. 2010) (citing *Morris v. McComb*, 332 U.S. 422, 433–36, 68 S.Ct. 131, 136–38, 92 L.Ed. 44 (1947)). Plaintiff does not dispute defendant's evidence that any particular Colorado-based employee (to include plaintiff himself) could be called on to transport workers and equipment to job sites outside Colorado, or that about 15% of the Colorado district office's jobs in any given year are outside Colorado. (*See* **Def. Motion App.**, Schendel Aff. ¶ 6 at 4.) Accordingly, and regardless whether plaintiff himself ever traveled out of state, the fact that other employees whom he seeks to represent did so (and that he himself might have been called on to do so) brings him within the Wage Order's exemption for drivers.[8]

Moreover, there is no interstate limitation for workers classified as "driver's helpers" and "loaders." Here again, although these terms are not defined by the

7. The Colorado Department of Labor Advisory Bulletin on which plaintiff himself relies confirms as much: while *"drivers whose work takes them across state lines"* are exempt from the Wage Order, *"[d]rivers whose work travel is entirely within the State of Colorado* are not specifically exempted[.]" (**Plf. Resp. App.**, Exh. B at 2 [#29], filed February 8, 2016 (emphases added).)

8. For this reason, plaintiff's citation to the Denver district court's decision in *Brunson v.*

*Colorado Cab Company, LLC* (*see* **Plf. Resp. App.**, Exh. C) is inapposite. There was no suggestion that the plaintiff in that case, who drove an airport shuttle, ever might be called on to travel outside Colorado. The court rejected the defendant's suggestion that it apply the MCA exemption because the goods and passengers the plaintiff transported had traveled in interstate commerce. (*Id.* at 4 of 6.) That argument is distinct from that on which defendant here relies.

CWA, the Wage Order, or any authoritative Colorado source, they do have statutory definitions under the MCA exemption. Plaintiff acknowledges that his job duties included the "proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country," *see* 29 C.F.R. § 782.5 (definition of "loader"), and also required him "to ride on a motor vehicle when it is being operated in interstate or foreign commerce," 29 C.F.R. § 782.4(a) (definition of "driver's helper"). (*See* **Def. Motion App.**, Schendel Aff. ¶¶ 5-6 at 3-4.) Thus, plaintiff likewise qualifies as both a driver's helper and a loader, and concomitantly is exempt from the overtime provisions of the Wage Order. Defendant therefore is entitled to summary judgment.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Jaguar Energy Services, LLC's F.R.C.P. 56 Motion for Summary Judgment** [#27], filed January 14, 2016, is granted on the bases specified herein;

2. That plaintiff's putative class action claim for unpaid overtime compensation under the Colorado Wage Act against defendant is dismissed with prejudice;

3. That judgment with prejudice shall enter on behalf of defendant, Jaguar Energy Services, LLC, a Louisiana limited liability company, and against plaintiff, Michael Combs, on behalf of himself and all similarly situated persons, as to plaintiff's putative class action claim for unpaid overtime compensation under the Colorado Wage Act;

4. That all pending motions, including, but not limited to, **Plaintiff's Motion for Class Certification** [#26], filed January 13, 2016, are denied as moot;

5. That the combined Final Pretrial Conference and Trial Preparation Conference set February 23, 2017, at 11:00 a.m., is vacated;

6. That the bench trial set to commence February 27, 2017, is vacated;

7. That defendant is awarded its costs, to be taxed by the clerk of the court in the time and manner provided by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

8. That this case is closed.